# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHARL Y. HOLMES, Individually
And as Personal Representative of the
Estate of KEVIN W. HOLMES, and
as Parent, Guardian, and Next Friend of
KELSEY ELIZABETH HOLMES and
CONNOR HOLMES, Statutory
Wrongful Death Beneficiaries of
KEVIN W. HOLMES, DECEDENT,**

        Plaintiff,

vs.

**SHANE EIDSON, an Individual,
And WIN, PLACE & SHOW,
INCORPORATED,
a New Mexico Corporation,**

        Defendants.                          No. CIV 00-1707 LCS/KBM-ACE

# PRETRIAL ORDER

        This matter is before the Court pursuant to Fed.R.Civ.P. 16. The parties have conferred and submit the following Pretrial Order.

## I. APPEARANCES

Attorneys who will try the action:

        For Plaintiff                Joleen K. Youngers, Esq.
                                      Roy Brandys, Esq.

        For Defendant
        Win, Place & Show, Inc.     Richard E. Olson, Esq.
                                        Rebecca N. Johnson, Esq.

A settlement has been reached between Plaintiff and Defendant Shane Eidson. The parties are in the

process of preparing the settlement paperwork.  For that reason, counsel for Shane Eidson has not been included in this Pretrial Order.

## II.  JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

    **1.  Was this action removed or transferred from another forum?** \_\_\_\_Yes  \_X\_  No.  If yes, was the action removed or transferred?

    \_\_\_\_\_  Removed      \_\_\_\_\_  Transferred      _____  Original forum

    **2.  Is subject matter jurisdiction of this Court contested?**

    \_X\_\_  Uncontested      \_\_\_\_\_  Contested      _____  Party contesting

    **3.  Asserted basis for jurisdiction.**

    \_\_\_\_\_  Federal Question      \_X\_\_  Diversity      \_\_\_\_\_  Other

    Statutory Provision(s) Invoked: New Mexico Wrongful Death Statute 22-20-1 *et seq.* (NMSA 1978); New Mexico Alcoholic Licensees Liability Act §41-11-1 *et seq.* (NMSA 1978).

**B.  Personal Jurisdiction and Venue.**

    **1. Is personal jurisdiction contested?**

    \_X\_\_  Uncontested      \_\_\_\_\_  Contested

    Identify the party contesting personal jurisdiction and basis for objection:

    _____

    **2. Is venue contested?**

    \_X\_\_  Uncontested      \_\_\_\_\_  Contested      _____  Party contesting

**C.  Are the proper parties before the Court?**

    \_X\_\_  Uncontested      \_\_\_\_\_  Contested

If contested, identify each missing party or improper party and the basis for the contention:

_____

**D.  Identify the affirmative relief sought in this action.**

1.  Plaintiff seeks:   Bench trial on all issues so triable; judgment against Defendant and
allocation of fault; actual and compensatory damages, and punitives.

2.  Defendant Win, Place & Show seeks: Judgment in its favor.

<u>**III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.**</u>

**A.  Plaintiff's claims:**

and wife until January 9, 2000, the date of Kevin Holmes' untimely death.  There are two children of the

marriage, Kelsey Elizabeth Holmes and Connor Holmes.   Kevin W. Holmes died in Ruidoso, New

personal representative of the Estate of Kevin Holmes and  the statutory wrongful death beneficiaries for

purposes of pursing this lawsuit in accordance with the New Mexico Wrongful Death Act, NMSA 1978,

On the evening of January 8, 2000 and early morning of January 9, 2000, Kevin Holmes was a

patron at the Win, Place & Show Lounge in Ruidoso, New Mexico.  The Win, Place & Show Lounge is

possessed a license to sell alcoholic beverages at the time of the incident in question.

Likewise, on the evening of January 8, 2000 and early morning of January 9, 2000, Shane Eidson

Shane Eidson and Kevin Holmes, both of whom were intoxicated.  It was reasonably apparent to Win,

Place & Show that they were intoxicated and that Win, Place & Show knew or should have known that they were intoxicated.

On the evening in question, Shane Eidson acted in a loud, belligerent, violent, and aggressive manner. Earlier in the evening, he had engaged in at least one physical altercation with patrons in the establishment. Notwithstanding this inappropriate conduct, Win, Place & Show continued to serve him alcoholic beverages, did not restrain him in any way, did not kick him out of the bar, did not notify any law enforcement agency or personnel and did not follow its own policies and procedures.

Toward the end of the evening, near closing time, Kevin Holmes and Shane Eidson had a conversation at the bar inside the establishment. By Shane Eidson's demeanor and actions, it was apparent at that time to patrons and Win, Place & Show employees that a physical altercation was likely to take place. Immediately, many of the patrons and employees, followed Shane Eidson and Kevin Holmes outside the bar. The employees of Win, Place & Show were aware of Shane Eidson's violent actions that evening. Notwithstanding this knowledge, no one called the police, attempted to stop the incident, or engage in any actions to avoid the confrontation, but rather, the employees, agents, and representatives of Win, Place & Show caused and encouraged the incident.

While outside and in front of the establishment, Shane Eidson committed assault and battery on Scott Teffeteller, one of Holmes' friends. After knocking Teffeteller to the ground, Shane Eidson turned to Kevin Holmes who had his hands at his side in a non-confrontational and non-threatening manner. Shane Eidson struck Kevin Holmes, causing him to fall. Mr. Holmes' head struck the front of a vehicle parked in front of Win, Place & Show. As a direct result, Kevin Holmes sustained a fatal head injury.

The causes of action against Defendant Win, Place & Show include negligence and liability under

4

*et seq*. (1996).    The

failing to contact law enforcement, failing to take proper precautions or actions to prevent or avoid a

violent incident, and condoning, ratifying and/or allowing Eidson's violent behavior.  The claims under the

deceased.

**B.  Defendant Win, Place & Show's defenses:**

The Win, Place & Show Lounge is a small lounge located in Ruidoso, New Mexico.  It has been

located in and done business from the same location since the 1950's.  It is owned by the Win, Place &

Fowler.

The Win, Place & Show Lounge enjoys a good reputation in the community and with authorities

place.  The establishment is primarily managed by Mr. Dean Fowler.

All of the employees of the Win, Place & Show undertake alcohol server training, as required by

of intoxication.

In addition to the alcohol server training, the lounge engages in ongoing on-the-job type training,

At these meetings, issues such as how to discern whether a patron is intoxicated, how to deal with an

intoxicated patron, how to deal with unruly patrons, how to respond to instances of aggressive behavior,

when to decide to cut a patron off from further serving and when to call the authorities is discussed.

The Win, Place & Show Lounge runs on the premise that security is everyone's business. On busier evenings, such as the evening in question, the Win, Place & Show generally employs a doorman whose primary purpose is to check ID and make sure that the establishment does not get overcrowded. In addition, the doorman has certain responsibilities with respect to security and monitoring for unruly or aggressive customers.

In addition, Mr. Mike Friberg, the head bartender, also has specific responsibilities with respect to monitoring for security.

The policy of the Win, Place & Show is that if an incident occurs of unruly, belligerent or aggressive behavior, it is immediately broken up, one of the parties to the incident is requested to leave immediately, and then after a reasonable interval, the other party to the incident is requested to leave. Generally speaking, police are not called unless it is felt that the personnel at the lounge cannot handle the matter themselves.

On the evening in question, the Win, Place & Show was adequately staffed. They had a reasonable crowd, but was not overcrowded. Mr. Holmes and a number of other individuals who were in Ruidoso with a civic group from El Paso came to the Win, Place & Show sometime around 8:30 or 9:00 in the evening. Over time, the crowd thinned out until ultimately there was only Mr. Holmes and three others from his group remaining. During this period of time, the testimony has and will be that all these individuals, including Mr. Holmes and his friends, Mr. Tefeteller and Mr. Raney, all behaved appropriately and evidenced no signs of intoxication. Sometime around 11:00, Mr. Holmes and his three remaining acquaintances left and went to another establishment. They apparently came back to the Win, Place &

adjacent to a gentleman by the name of Shane Eidson.  Mr. Eidson had arrived at about midnight.  Mr.

Tefeteller sat in a chair that had been occupied previously by a woman by the name of Jessica Nosker, an

apparently struck up a conversation.  After a period of time, Ms. Nosker came to retrieve her seat.  There

was a verbal dispute between Ms. Nosker and Mr. Tefeteller.  Mr. Eidson requested that Mr. Tefeteller

Tefeteller stumbled away from the seat and grabbed a beer bottle in an aggressive fashion.  Employees of

the Win, Place & Show immediately intervened and broke up what appeared to be an impending

resumed his seat at the bar and remained there without incident.

Sometime after approximately one half hour to forty-five minutes, Mr. Holmes and his group

the bathroom, which is in the back of the bar, and passed by Mr. Eidson without any incident on anybody's

part.  There will be testimony that the doorman was monitoring the situation.  About this time, the band

customers were being requested to leave the premises.  The lounge closes at 2:00 a.m., and everyone had

to be out by that point in time.  The customers were leaving and streaming towards the door.  Mr. Holmes,

and passed directly by Mr. Eidson.  He apparently tapped Mr. Eidson on his shoulder and said something

to him.  The testimony will be contradictory on this, but he said either "I'd like to talk to you outside" or

perhaps, as testified to by some others, "you and me outside, big boy". Mr. Friberg, who had discussed meeting Mr. Eidson for breakfast after the bar closed, told Mr. Eidson not to do anything. Mr. Eidson assured him that they were going to go to breakfast, and that he was just going to talk to Mr. Holmes.

Upon arriving outside the establishment, apparently Mr. Eidson was confronted in an aggressive manner by Mr. Tefeteller and Mr. Holmes. Mr. Eidson pushed Mr. Tefeteller first and then Mr. Holmes, with an open hand, to move them away from him. Mr. Holmes stumbled backward and fell, hitting his head on the bumper of a sport utility vehicle, causing injuries that ultimately lead to his death.

There is no evidence to indicate that the Defendant Win, Place & Show continued to serve visibly intoxicated individuals in violation of the New Mexico Liquor Liability Statutes. There is no evidence to show that the Defendant Win, Place & Show failed to provide reasonable security measures. The evidence will show that the unfortunate incident and injuries were caused by the negligence of Scott Tefeteller, Steve Raney, Shane Eidson, Kevin Holmes and Jessica Nosker.

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

### A. Stipulated Factual Contentions.

The parties agree to the following facts listed separately below:

On the evening of January 8, 2000 and early morning of January 9, 2000, Kevin Holmes was a patron at the Win, Place & Show Lounge ("Win, Place, & Show") in Ruidoso, New Mexico. Holmes and a number of other individuals who were in Ruidoso with a civic group from El Paso came to the Win, Place & Show sometime around 8:30 or 9:00 in the evening. These included Scott Teffeteller, Steve Raney, and Jason Chapman. Likewise, on the evening of January 8, 2000 and early morning of January 9, 2000, Shane Eidson was a patron of Win, Place, & Show. Eidson arrived at Win, Place, & Show later

The Win, Place & Show Lounge is owned and operated by Defendant Win, Place & Show, Incorporated, and operated pursuant to a license to sell alcoholic beverages at the time of the incident in question. The

West, Michael Friberg, Michelle Kannady, Kathy Passig, and Rita Robertson. Kevin Holmes and his friends left the bar at one point in the evening and later returned. Eidson arrived after Holmes first left the

When Eidson came out of the bar, the three were in front of the bar, along with other patrons. This is when the incident between the three occurred resulting in Holmes fatal head injury.

## 1.

Contention of Fact No. 1:

Plaintiff contends that the incident involving Edison and Teffeteller at the WPS shortly

the representatives of WPS sufficient to require his removal from the premises. Without provocation, Eidson physically struck Teffeteller from behind or the side causing him to leave his bar stool, travel over

possibly defend himself against another blow, Teffeteller grabbed a beer bottle from the bar. He did not strike or threaten to strike anyone with it. Teffeteller's friend Raney came to his immediate assistance.

obnoxious manner that he was the "baddest mother fucker in the bar." This was heard by patrons and

employees of WPS. Seeking to avoid any further confrontation or problems with Eidson, Teffeteller and Raney decided to leave the WPS. Holmes either left with them or had already left the bar. They were not told or instructed by WPS personnel to leave. Notwithstanding the above assault and batter upon a patron of the WPS, and additional aggressive and obnoxious behavior, WPS did not require Eidson to leave the premises. Contrary to industry standards and their own policies, they allowed him to remain at the WPS and drink more alcohol.

Contention of Fact No. 2:

After leaving the WPS, Teffeteller, Raney and Holmes noticed that their other friend, Jason Chapman, was not with them and they were not certain as to whether he remained in the bar. They decided to return to check if Chapman was still in the bar. Accordingly, Raney and Tefreteller entered and walked through the bar in search of Chapman. In the meantime, Holmes also entered and approached Eidson and said something to him. Eidson rose from his stool and followed Holmes out of the bar. Rather than call the policy who admittedly were less than a block away (less than 30 seconds), or engage in any efforts to stop the altercation, WPS representatives did nothing to prevent the situation from escalating, and actually followed the parties outside and watched Eidson commit an assault and battery upon Teffeteller and Holmes. Following the assault, representatives of WPS even advised Eidson to depart rather than stay and report to the authorities.

Contention of Fact No. 3:

At the time Eidson struck Holmes in the front of the WPS establishment, Holmes' hands were in his pockets.

Contention of Fact No. 4:

At the time of the first incident inside the WPS involving Teffeteller and Eidson, Teffeteller did not know he was sitting in Jessica Nosker's stool. Once she confronted him using foul and vulgar language, he did not respond with similar language, but turned away from her and Eidson and continued socializing. That is when he was struck by Eidson.

Contention of Fact No. 5:

WPS has a long history of fights, altercations and complaints.

Contention of Fact No. 6:

WPS did not have a written policy governing the proper method to handle altercations and fights or threats thereof. Further, WPS' informal training was inadequate to address situations such as the one made the basis of this lawsuit.

2. Defendant Win, Place & Show's Contentions:

A. Whether Shane Eidson and/or Kevin Holmes were intoxicated.

B. Whether it was reasonably apparent that Shane Eidson and/or Kevin Holmes were intoxicated.

C. Whether the agents or employees of Win, Place & Show knew that Shane Eidson and/or Kevin Holmes were intoxicated.

D. Whether the security provided was reasonable under the circumstances.

E. Whether Scott Tefeteller and Kevin Holmes were threatening toward Eidson.

F. Whether the acts or omissions of the decedent and others contributed to the decedent's injuries.

## V. APPLICABLE LAW

**A. Do the parties agree which law controls the action?**

___X___ Yes _____ No

**If yes, identify the applicable law.** New Mexico Alcohol Licensee Liability Act, New Mexico Wrongful Death Act; and common law of the State of New Mexico.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

**1.** Plaintiff

**2.** Defendant Win, Place & Show

## VI. CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

**1.** Plaintiff:

1. What duties WPS owed to Holmes to provide for his safety and security.

2. Whether there is sufficient evidence to support an award of actual and compensatory damages.

3. Whether there is sufficient evidence to justify the imposition of punitive damages.

4. Whether there is sufficient evidence that WPS acted in a grossly negligent fashion, such as to allow imposition of liability under New Mexico's Alcohol Licensee Act.

**2.** Defendant Win, Place & Show:

A. What obligation, if any, does the Win, Place & Show have for security outside its premises.

B. Whether there is sufficient evidence to justify the imposition of punitive damages.

C. Whether there is any evidence that the Defendant, Win, Place & Show, acted in a grossly

negligent fashion, such as to allow imposition of liability under the liquor liability laws.

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):** None.

**B.  Motions which may be filed:**

      **1.**      Plaintiff:  Motion in Limine to preclude mention of testimony from criminal proceedings,

including the disposition of same.

      **2.**      Defendant Win, Place & Show: Possible Motion in Limine.

The briefing package must be complete and filed with the Court by _____.

## VIII.  DISCOVERY

**A.  Has discovery been completed?**   \_\_X\_\_  Yes   \_\_\_\_\_  No

If no, discovery terminates on  _____.

**B.  Are there any discovery matters of which the Court should be aware?**  No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.  Plaintiff's Witnesses:**

      **1.**      Plaintiff will call or have available at trial the following live witnesses:

        Dean Balmer
        Dean Balmer Insurance Company
        481 N. Resler
        El Paso, TX 79912
        915/ 581-7373

Dean Balmer was Kevin Holmes' brother in law and his friend. To support damages

friends and others, his personal and career goals, and ways in which he enjoyed spending
his time.

Lawyers Title
301 E. Yandell

915/ 543-7600

Hughes Butterworth was a friend and supervisor of Kevin Holmes. He is the trustee of

insurance policies in question. He will testify to support claims for damages.

Dean Fowler

HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.
P.O. Box 10

505/ 622-6510

Dean Fowler is the owner of Win, Place & Show, Inc., one of the named Defendants.

c/o Plaintiffs' Counsel

Charl Holmes is the wife of decedent Kevin Holmes and the mother of Kelsey and Connor

wrongful death. She has knowledge of matters pertaining to damages in the present
action.

12228 Amstater Circle
El Paso, TX 79936

Steve Raney was a friend of Kevin Holmes and was with him the night of his death. He
is expected to provide testimony consistent with his deposition.

6800 Canyon Run

El Paso, TX 79912
915/ 845-7416

Scott Larry Teffeteller was a friend of Kevin Holmes and was with him the night of his death.      He is expected to provide testimony consistent with his deposition.

Thomas C. West, Jr.
123 Butter Dr. #20
Ruidoso, NM 88345
505/ 257-9982

At material times, Thomas C. West, Jr., was employed at Win, Place & Show, Inc. as the doorman. He was working the night of the incident giving rise to the present litigation. He will be questioned about the topics discussed in his deposition.


**2.** Plaintiff will submit the testimony of the following witnesses by deposition:

Mike Albus
4132 Hermosa St.
Hobbs, NM 88240
505/ 392-4072

Mike Albus was at Win, Place & Show at the time of the incidents giving rise to the litigation and before.  Plaintiff plans to submit the following deposition testimony:

p. 3, lines 1-10
p. 5, line 19 - p. 13, line 16
p. 16, line 15 - p. 29, line 15
p. 52, lines 7-25


Shane T. Eidson
1806-A Main
Springdale, AR 72762
505/ 378-1717

Shane Eidson has knowledge of the matters alleged in the Complaint.  Plaintiff plans to submit the following deposition testimony:

p. 3, line 1 - p. 7, line 25
p. 13, line 10-17

p. 17, line 23 - p. 21, line 9
p. 26, line 10 - p. 46, line 2
p. 51, line 3 - p. 57, line 23
p. 61, line 6 - p. 62, line 2
p. 62, line 25 - p. 70, line 3
p. 71, line 4 - p. 74, line 23
p. 75, lines 13-16
p. 76, line 3 - p. 81, line 23
p. 82, line 2 - p. 91, line 15
p. 92, line 20 - p. 98, line 12
p. 99, line 15 - p. 143, line 11
p. 144, line 8 - p. 151, line 10


Michael C. Friberg
1825 West Ocotillo
Phoenix, AZ 85012
602/ 249-2869

At material times, Michael Friberg was employed at Win, Place & Show as a bartender. He was working the night of the incident giving rise to the present litigation. Plaintiff plans to submit the following deposition testimony:

p. 4, lines 4-9
p. 6, lines 9-10
p. 8, lines 3 - p. 81, line 23
p. 82, line 6 - p. 110, line 25
p. 113, line 10 - p. 119, line 10


Michelle Kannady
121 Rio Street
Ruidoso, NM  88345
505/ 257-9535

At material times, Michelle Kannady was employed at Quarters and Win, Place & Show as a cocktail server.  She was working the night of the incident giving rise to the present litigation.  Plaintiff plans to submit the following deposition testimony:

p. 4, line 1 - p. 5, line 5
p. 8, line 18 - p. 13, line 22
p. 15, line 18 - p. 22, line 4

p. 22, line 10 - p. 25, line 13
p. 25, line 19 - p. 29, line 6
p. 29, lines 11-23
p. 30, line 6 - p. 41, line 10
p. 45, line 19 - p. 61, line 18
p. 65, line 7 - p. 93, line 13
p. 94, line 3 - p. 103, line 5


Kevin Naegele
1132 W. Coal
Hobbs, NM 88240
505/ 392-5256

Kevin Naegele was at Win, Place & Show at the time of the incidents giving rise to the litigation and before.  He witnessed the behavior of Kevin Holmes and Shane Eidson.  Plaintiff plans to submit the following deposition testimony:

p. 3, lines 1-7
p. 4, line 16 - p. 6, line 18
p. 7, lines 14-25
p. 15, line 25 - p. 16, line 1
p. 17, line 8 - p. 62, line 14
p. 63, line 7 - p. 76, line 21


Donald Ross Owings
2305 Thomas
Hobbs, NM 88240
505/ 392-4731

David Owings was at Win, Place & Show at the time of the incidents giving rise to the litigation and before.  He witnessed the behavior of Kevin Holmes and Shane Eidson.  Plaintiff plans to submit the following deposition testimony:

p.3, lines 1-2
p. 4, line 21 - p. 7, line 8
p. 8, line 9 - p. 14, line 19
p. 15, line 25 - p. 34, line 24
p. 41, lines 19-21

17

Kathy Passig

Ruidoso, NM  88345
505/ 257-2841


She was working the night of the incident giving rise to the present litigation.  Plaintiff plans to submit the following deposition testimony:


p. 4, lines 1-24
p. 5, line 19 - p. 7, line 13

p. 12, line 12 - p. 15, line 23
p. 17, line 22 - p. 21, line 8


203 Morningside Dr.
Ruidoso, NM 88345


At material times, Rita Robertson was employed at Win, Place & Show as a bartender.  She was working the night of the incident giving rise to the present litigation.  She also

the following deposition testimony:

p.4, lines 1-20

p. 6, line 7 - p. 13, line 13
p. 13, line 25 - p. 39, line 13

p. 66, line 18 - p. 67, line 20


James "Scott" Sparks

Clovis, NM 88101
505/ 762-3713 (h)


litigation and before.  He witnessed the behavior of Kevin Holmes and Shane Eidson.

Plaintiff plans to submit the following deposition testimony:

     p. 3, lines 1-2
     p. 4, lines 5-15
     p. 5, line 3 - p. 10, line 16
     p. 12, line 12 - p. 32, line 14
     p. 32, line 21 - p. 36, line 6
     p. 37, lines 11-18


     Officer Jose Zepeda
     105 Goodnight Loving Trail
     Alto, NM 88312
     505/ 336-2005

At material times, Officer Jose Zepeda was employed at the Ruidoso Police Department.
Plaintiff plans to submit the following deposition testimony:

     p. 3, line 1 - p. 26, line 8
     p. 36, line 17 - p. 39, line 13
     p. 50, line 20 - p. 51, line 21


**3.** By agreement of the parties, Plaintiff will submit expert reports in lieu of testimony from the

following expert witnesses:

     Benjamin N. Matta, Ph.D.
     804 Canterbury Arc
     Las Cruces, NM 88005
     505/ 647-5700

Benjamin N. Matta, Ph.D. is Plaintiff's economist expert in this case.

     Fred Del Marva, PI, PPO
     227 San Marin Drive, Suite 111
     Novato, CA 94945
     415/ 892-1027

Fred Del Marva is Plaintiff's liquor liability and bar practices expert.

**4.** Plaintiff may call the following witnesses:

Shawna Reinhold
P.O. Box 939
Mesilla, NM 88046
505/ 523-2779

Shawna Reinhold reviewed records of the Ruidoso police department regarding Win, Place & Show. Her investigation is relied upon by liability expert Fred Del Marva.

**B.    Defendant Win, Place & Show's Witnesses:**

**1.**    Defendant will call or have available at trial the following witnesses:

A.    Dean Fowler, c/o Richard E. Olson.

Mr. Fowler is one of the principals of the Win, Place & Show, Inc., and will testify regarding his operation and other matters inquired of him in his deposition.

B.    Michael Friberg
1825 West Ocatillo
Phoenix, Arizona 85012
(602) 249-2869

It is anticipated that Mr. Friberg will testify in person. Defendant believes it can make arrangements to get Mr. Friberg to trial. If not, we will be submitting, in accordance with the Court's instructions, a designation of deposition testimony concerning Mr. Friberg.

C.    Mike Albus
4132 Hermosa Street
Hobbs, New Mexico 88240

D.    Kevin Naegle
1123 West Cole
Hobbs, New Mexico 88240

E.    Donald Ross Owings
2305 Thomas
Hobbs, New Mexico 88240

F.    James Scott Sparks
612 E. Tierra Blanca Road

Clovis, New Mexico 88101

All these gentlemen were together at the Win, Place & Show on the evening in question. They will testify regarding their observations as to what they saw that evening. It is anticipated that they will testify by deposition. Defendant is in the process of preparing a Designation of Deposition Testimony and will make that designation consistent with the Court's Order.

G.    Shane T. Eidson
      1806A Main
      Springdale, Arkansas 72762

Mr. Eidson is one of the named Defendants. It is anticipated that he will testify by deposition. Defendant will submit a Designation of Deposition Testimony with respect to Mr. Eidson consistent with the Court's Order.

H.    Michelle Kannady
      121 Rio Street
      Ruidoso, New Mexico 88345

Ms. Kannady may testify in person. If she does not testify in person, the Defendant will submit a Designation of Deposition testimony consistent with the Court's Order. Ms. Kannady was working at the Win, Place & Show on the evening in question and will testify regarding her observations.

I.    Kathy Passig
      Box 2805
      Ruidoso, New Mexico 88345

J.    Rita Robertson
      203 Morningside Drive
      Ruidoso, New Mexico 88345

Ms. Passig and Ms. Robertson were working at the Win, Place & Show on the evening in question. They will testify regarding their observations on that evening. They may testify in person; if not, Defendant will designate their deposition testimony (consistent with the Court's Order).

**2.**    Defendant may call the following witnesses:

A.

Ruidoso Municipal Judge
P.O. Drawer 2330

Judge Line will testify regarding the reputation of the Win, Place & Show.

B.

HC 67 Box 25
Nogal, New Mexico 88341

reputation of the Win, Place & Show.

C.

6800 Canyon Run
El Paso, Texas 79912

questioned about that evening.

D.

12228 Amstater Circle
El Paso, Texas 79936

regarding that evening.

E.

123 Butter Drive, #20
Ruidoso, New Mexico 88345

will testify regarding his observation as to the incidents that occurred that evening.

**3.**     Defendant may call the following expert witnesses:

A.    Thomas C. Gillespie
      2306 Camino Artista
      Santa Fe, NM 87505

      Mr. Gillespie is an expert witness on security matters and will testify consistent
      with his report, which has been provided to Plaintiff.

B.    Mr. John E. Buehler
      2410 West Ruthrauff, Suite 110V
      Tucson, Arizona 85705

      Mr. Buehler is an economist and will testify consistent with the report, which has
      been provided to Plaintiff.

C.    Mr. Ken Morris
      Licensed Beverage Training
      2303 Malpais Road, SW
      Albuquerque, NM 87105

      Mr. Morris is an expert regarding the operation of liquor establishments and will
      testify consistent with his report, which has been tendered to Plaintiff.

## X. TRIAL PREPARATION

**A.    Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot

be anticipated before trial. The parties must file an original plus three (3) copies of the parties' "

consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a

"consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which

there are other objections" no later than _____ calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a

separate "contested exhibit list" no later than _____ calendar days before trial. An original plus three (3)

copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph.

In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.     Witness Lists.**

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by _____. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must highlight those portions of the requested deposition testimony to which the party objects. Plaintiff must use a yellow highlighter and defendant must use a blue highlighter. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least _____ calendar days before trial.

**C.     Submissions for Bench Trials.**

**1.**   The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than _____ calendar days before trial. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

**2.**   If available, submit a hard 3.5 diskette on Word Perfect 5.1 format of the findings of fact and conclusions of law.

# XI. OTHER MATTERS

**A.      Settlement Possibilities.**

**1.** The possibility of settlement in this case is considered:

__X__   Poor   _____   Fair   _____   Good   _____   Excellent   _____   Unknown

**2.** Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____   Yes   __X__   No      If yes, when?   _____

If a settlement conference has already been held, indicate approximate date. August 14, 2001

Would a follow-up settlement conference be beneficial?   _____   Yes   __X__   No

**3.** Does either party wish to explore any alternatives for dispute resolution such as mediation

or a summary jury trial?  If yes, please identify.  No.   If no, explain why not.  The parties have

already exhausted all settlement possibilities._____

**B.  Length of Trial and Trial Setting.**

**1.** This action is a      __X__   Bench trial      _____   Jury Trial      _____   Both

**2.** The case is set for trial on January 14, 2002.

**3.** The estimated length of trial is 2 - 3 day(s).

# XII.  EXCEPTIONS

None noted.

# XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua*

*sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed

merged herein.

Respectfully submitted,


_____

Joleen K. Youngers

Las Cruces, NM 88006
505/ 541-8000


Roy Brandys
**PETICOLAS, SHAPLEIGH,**

701 N. St. Vrain St.
El Paso, TX 79902

915/ 534-7207 (Fax)

*Attorneys for Plaintiff*




Telephonic approval 12/04/01
_____

P.O. Box 10
Roswell, NM 88202-0010

505 623-9332 (Fax)

*Attorney for Defendant Win, Place & Show, Inc.*

Dated: _____

 

      The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this _____ day of _____, 2001.

 

 

_____

LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE