IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARL Y. HOLMES, Individually and
as Personal Representative of the Estate
of Kevin W. Holmes, and as Parent Guardian,
and Next Friend of KELSEY ELIZABETH HOLMES
and CONNER HOLMES, Statutory Wrongful
Death Beneficiaries of KEVIN W. HOLMES,
Decedent,

    Plaintiffs,

vs.                No. CIV 00-1707 LCS/KBM-ACE

SHANE EIDSON, an Individual and
WIN, PLACE & SHOW, INCORPORATED,
a New Mexico Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** came before the Court on Plaintiff's Motion to Amend the Judgment to Include Pre-Judgment and Post-Judgment Interest (Doc. 89), filed February 1, 2002. The Court, acting upon consent of the parties and designation pursuant 28 U.S.C. § 636, and having considered the Motion, Memoranda, applicable law, and being otherwise fully advised, finds that this Motion should be **DENIED** as to Plaintiff's request for pre-judgment interest and, **GRANTED** as to Plaintiff's request for post-judgment interest.

  On December 4, 2000, Plaintiffs filed their Complaint in this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332, and claiming damages under the New Mexico Wrongful Death Act, NMSA 22-20-01, *et seq*. Plaintiff's husband died as the result of injuries sustained in an

altercation with Shane Eidson outside the Win, Place and Show (WPS), a bar located in Ruidoso, New Mexico. Plaintiff alleged assault and battery against Eidson, negligence against Eidson and WPS, and liquor license liability against WPS under the provisions of NMSA 41-11-1, *et seq*. (Doc. 1.)

Unionamerica, insurance carrier for WPS, intervened on July 12, 2001, (Doc. 45), and filed a Motion for Summary Judgment on July 31, 2001, asserting that there was no coverage for Plaintiffs' claims against WPS. On November 2, 2001, Unionamerica's Motion for Summary Judgment was granted. On January 17, 2002, after a bench trial, Judgment was entered in favor of Plaintiff and against WPS in the amount of $1,523,083.00.

Plaintiff timely filed her Motion to Amend pursuant to Federal Rule Civil Procedure 59. Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. 11 WRIGHT, MILLER & KANE CIVIL 2d § 2810.1, 124 (2001). A Rule 59 motion may be granted only to correct manifest errors of law or fact upon which the judgment is based, to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to reflect an intervening change in controlling law. *Id.* Rule 59 may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. *See Steele v. Young*, 11 F. 3d 1518, 1520 n. 1 (10th Cir. 1993). In light of their narrow purpose, Rule 59 motions are seldom granted. 11 WRIGHT, MILLER & KANE CIVIL 2d § 2810.1 at 128. The decision of whether to grant or deny a Rule 59 motion is committed to the sound discretion of the trial court. *Phelps v. Hamilton*, 122 F. 3d 1309, 1324 (10th Cir. 1997).

Plaintiff contends that the Judgment of January 17, 2002 should be amended to include pre-judgment and post-judgment interest. WPS concurs that Plaintiff is entitled to post-judgment interest,

but opposes an award of pre-judgment interest.

Federal jurisdiction arises from the diversity of the parties in this matter. The question of whether prejudgment interest should be awarded is governed by state law. *Mascenti v. Becker*, 237 F. 3d 1223, 1245 (10th Cir. 2001). The applicable New Mexico Statute, NMSA § 56-8-4 (B), provides that the court in its discretion may allow interest up to ten percent from the date the complaint is served. NMSA § 56-8-4(B). In exercising its discretion, the statute directs the court to consider whether the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and whether the defendant had previously made a reasonable and timely offer of settlement to the plaintiff. *Id*.

The question of coverage was not resolved until November 2, 2001. Liability was a close question in this case and WPS was found to be only 30% at fault. Moreover, the total amount of Plaintiff's damages was not readily ascertainable prior to trial. Under these circumstances, I find that an award of pre-judgment interest would not be appropriate. Accordingly, Plaintiff's Rule 59 motion as to pre-judgment interest should be denied.

Post-judgment interest on a federal court civil judgment is determined according to federal law. 28 U.S.C. § 1961. This statute provides that interest shall be calculated from the date of judgment at the weekly average 1-year constant maturity Treasury yield for the week preceding the date of judgment. *Id.* Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, at the statutory rate accruing from January 17, 2002.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend the Judgment to Include Pre-Judgment and Post-Judgment Interest (Doc. 89), filed February 1, 2002, is **DENIED** as to Plaintiff's request

for pre-judgment interest and **GRANTED** as to Plaintiff's request for post-judgment interest.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**