# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CHARL Y. HOLMES et al.,**

    Plaintiffs,

vs.                                                              **No. CIV 00-1707 LCS**

**SHANE EIDSON et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Application for Review of Order Settling Costs (Doc. 97), filed April 11, 2002. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the briefs, submissions, relevant law, and being otherwise fully advised, finds that Plaintiff's Application should be **DENIED.**

On December 4, 2000, Plaintiffs filed their Complaint in this Court pursuant to 28 U.S.C. § 1332, asserting claims of assault and battery, negligence, and liquor license liability. On January 17, 2002, I rendered Judgment in the amount of $1,523,083.00 for Plaintiff, plus costs. Plaintiff submitted a cost bill that included $13,548.11 in expert witness fees. On April 4, 2002, the Clerk taxed costs against Plaintiff in the amount of $2,273.10, and disallowed certain costs. Plaintiff seeks review of the Clerk's disallowance of her claim for expert witness fees and exhibits used at trial.

In a diversity case, federal law governs the assessment of costs. *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F. 3d 122, 123 (10th Cir.1996); *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F. 2d 1286, 1291- 92 (10th Cir.1988). In diversity cases where a state cost-shifting provision is tantamount to a mandatory award of costs, federal courts employ the state cost shifting provision. *Garcia v. Wal-Mart Stores, Inc.*, 209 F. 3d 1170, 1177-78 (10th Cir. 2000) (construing Colorado

law). However, where the state cost-shifting provision permits a trial court discretion to award expert witness fees, the federal court has "'no discretion under FED. R. CIV. P. 54(d) to tax the actual costs of expert witness fees.'" *Garcia v. Wal-Mart Stores, Inc.*, 209 F. 3d at 1178 (*quoting Chaparral Resources*, 849 F. 2d at 1292). In this case, the applicable state statute provides that the district court "may order the payment of a reasonable fee . . . for any witness who qualifies as an expert." N.M.S.A. § 38-6-4(B). Because the statute at issue is discretionary, federal law applies.

Plaintiff cites to no provision of federal law that would allow recovery of her claimed expert witness or trial exhibit fees. Indeed, under federal law, costs are limited to mileage and per diem for witnesses, fees for of the clerk and marshal, court reporter fees, copy and exemplification fees, docket fees, and fees for court appointed experts and interpreters. *See* 28 U.S.C. §§ 1821 and 1920. Under these circumstances, the Clerk properly disallowed assessment of costs for expert witness fees and costs for exhibits used at trial.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Application for Review of Order Settling Costs (Doc. 97), filed April 11, 2002, is **DENIED AND THE CLERK'S ORDER IS HEREBY AFFIRMED.**

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**